NEW YORK & N. H. R. CO. (POMEROY v.). See Case No. 11,261.

NEW YORK & O. M. R. CO. (HEWITT v.). See Case No. 6,443.

NEW YORK & O. M. R. CO. (STEVENS v.). See Cases Nos. 13,405 and 13,406.

NEW YORK & VIRGINIA STEAMSHIP CO. (HOTCHKISS v.). See Case No. 6,-718a.

---

## Case No. 10,200.

In re NEW YORK & W. STEAMSHIP CO.

[9 Ben. 44.] [1]

District Court, E. D. New York.  Feb., 1877.

ADMIRALTY—LIMITATION OF LIABILITY—PRACTICE—STIPULATION FOR VALUE.

1. Where the owners of a steamship filed a petition under section 4283, Rev. St., to obtain a limitation of their liability by reason of a certain collision, after their steamer had been proceeded against in an action in rem and released from custody upon their stipulation in her full value given for the benefit of all persons who might have demands arising out of said collision, and after a final hearing had been had in such action and a decree entered upon such stipulation: Held, that notwithstanding the vessel had been released upon a stipulation in her full value for the benefit of all who might have demands arising out of the collision, the proceeding for a limitation of liability was not vain or fruitless.

2. The right to take proceedings to obtain a limitation of liability was not impaired by giving in an action in rem a stipulation in the full value of the vessel for the benefit of all who might have demands arising out of the same collision.

[Cited in Thomassen v. Whitwell, Case No. 13,930.]

3. The right to resort to proceedings by petition to attain a limitation of liability, cannot be exercised after a final hearing has been had and a final decree entered in an action in rem

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

brought to recover the claims against which relief is sought by the petition.

[Cited in Gokey v. Fort, 44 Fed. 365.]

[This was a libel in rem by the owners of the schooner Susan Wright against the steamship Benefactor (the New York & Wilmington Steamship Company, claimants) for collision. From a decree of the district court for the libellants (Case No. 1,297), the claimants appealed to the circuit court, where the decree of the district court was affirmed (Case No. 1,298). Subsequently an appeal was taken to the supreme court, where the decree of the circuit court was affirmed. 102 U. S. 214. The case is now heard on a petition filed by the owners of the steamship to obtain a limitation of their liability, pursuant to Rev. St. § 4283, and the fifty-fourth admiralty rule.]

BENEDICT, District Judge. In March, 1875, certain actions were instituted in this court against the steamship Benefactor to recover for losses occasioned by the sinking of the schooner Susan Wright, in a collision that occurred on the 25th day of February, 1875. The steamship having been seized in these actions, her owners, who are the present petitioners, applied for leave to file a stipulation in the full appraised value of the steamer, for the benefit of all persons who might have demands arising out of said collision, and upon the giving of such stipulation to receive the said steamship discharged from all liability to arrest on such demands. Permission being given, the steamer was appraised and a stipulation in the sum of $40,000 having been filed the steamer was released from arrest. The stipulation so given was in the form heretofore adopted in similar cases. See stipulation given for Place v. The City of Norwich [Case No. 11,202]. Thereafter the several actions against the steamer were consolidated, and a trial upon the merits having been had, a final decree was rendered in favor of the libellants for the sum of $61,810.49, and the amount for which the stipulators for value were bound, that is to say the appraised value of the vessel with interest from the date thereof, (such being the provision in the stipulation) was decreed to be distributed among the several libellants in proportion to their respective demands as ascertained in the said action.

After the entry of the above-mentioned decree the owners of the steamship filed the present petition to obtain a limitation of their liability, as provided by section 4283, Rev. St., and general admiralty rules Nos. 54–57.

To this petition exception is taken by those who were parties libellant in the consolidated action in rem against the steamer, upon the ground that the facts stated in the petition show that the relief sought thereby cannot now be granted by this court. This exception, which has been treated as having an effect similar to a demurrer at common law, is based upon two grounds. One ground is that the proceeding appears on its face to be vain and fruitless, inasmuch as the petition shows that the libellants in the consolidated action represent all existing demands arising out of the collision in question, and also that by the decree already entered in that action the value of the steamer, being represented by the stipulation given in that action, is to be distributed among the said libellants.

This ground of exception does not appear to me to be well founded. It cannot be said that the result of the present proceeding will be the same as the result already attained by the action in rem, because in the first place the stipulation given in the action in rem is not for the same amount as that sought to be given in this proceeding. The stipulation in rem is for the value of the steamer at the time of her arrest, with interest from the date of her release, such being the terms of the stipulation. The stipulation sought to be given under this petition is for the value of the steamer and of her freight then pending.

In the second place the petitioners, in addition to a distribution of the value of the steamer and her freight pending among the persons having claims for losses arising out of the collision in question, are entitled to seek the further relief that this court not only restrain all further proceedings in the action in rem, but also all proceedings against the petitioners in personam to recover for such loss. The relief sought by this proceeding in behalf of the owners of the steamer they cannot therefore obtain in the proceedings in rem.

To secure the relief sought by the petitioners this petition is not only not vain, it is necessary; and here I deem it proper to repeat what has been said on other occasions, that the practice of taking such stipulations as the one given in the action against this steamer has proved to be convenient and advantageous, for it enables a vessel seized to be released at once from liability to arrest, while, at the same time, the right of her owners to obtain the benefit of the limited liability act by means of the proceedings authorized by the general admiralty rules is in no way impaired. The proceeding under the statute and the general admiralty rules has been treated in this court as wholly distinct from any action in rem that may be pending, and it takes effect upon such action only by means of the restraining order authorized by rule 54. It would be regretted, therefore, if it should be found necessary to determine that the giving of such a stipulation as was given in the action against this steamer had any effect to impair the rights derived from the limited liability act, or was a waiver of the right to present this petition. In my opinion no such determination is necessary or proper, and I

therefore hold that the right to the relief sought by this petition was not impaired by the giving of the stipulation that was given in the action in rem.

But a second ground of exception to this petition is presented for consideration, namely, that the petition is too late and cannot now be entertained, inasmuch as it appears upon the face of the petition that, prior to its being filed, the action in rem sought to be restrained had proceeded to a final decree after a hearing upon the merits. This objection I believe to be well taken. It is true that the general admiralty rules under which the petition is filed do not contain any express limitation of the time within which the proceedings authorized thereby may be taken. Nevertheless some limitation is clearly implied. Thus it is quite manifest that it was intended that the petition should be filed before the action sought to be restrained should have been taken by appeal from the district to the circuit court, and I think it may be inferred that it was the intention that the proceeding should be instituted before a final decree upon the merits, after hearing upon pleadings and proofs in such action. It will be observed that the rules permit the question of liability to be raised by the petition, and to be tried in the proceedings taken thereon. So this petition contains a full statement of the circumstances attending the collision in question, and seeks a determination of the question of negligence as preliminary to a resort to the stipulation tendered, and I am invited to consider anew the evidence in respect to the collision in question, and to say over again whether I find the steamer in fault. But it could never have been intended to permit a second trial of the question of liability. The permission given to present that question in the petition therefore shows that the right to resort to proceedings by petition must be exercised, if at all, before a trial upon the question of liability has been had in the action sought to be restrained, while the libel is in esse and before the demand has passed into the form of a final decree.

Whether any other limitation can be derived from the language of the rules or that of the limited liability act, it is not now necessary to consider.

My conclusion therefore is that inasmuch as it appears, by the petition under consideration, that prior to the filing thereof a hearing upon the merits had been had in the action sought to be restrained, and that the rights of the libellants had become fixed so far as this court is concerned by the final decree of this court entered in such action, it is now too late to resort to this proceeding.

There will therefore be a decree entered herein, dismissing the petition, but without costs.

[NOTE. On appeal to the circuit court, this decree was affirmed. Case unreported. An appeal was then taken to the supreme court, where the decree of the circuit court was reversed, and the record remanded, with directions to enter a decree reversing the decree of the district court, and giving directions for further proceedings. 103 U. S. 239. The cause was again before the supreme court on motions to modify judgment and mandate. The order of the court was modified so far as it contained directions to the circuit court to enter a decree reversing the decree of the district court, and giving directions for further proceedings. It was further ordered that each party pay their own costs on these motions. 103 U. S. 247.]